UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA A. FLOTTE, wife of/and<br>DAVID M. FLOTTE | CIVIL ACTION |
| VERSUS | NO. 06-5011 c/w 06-7497 |
| MARIE CLESI INSURANCE AGENCY<br>AND STATE FARM FIRE &<br>CASUALTY CO. | SECTION: "C" |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by defendant, the National Flood Insurance Program ("NFIP") (Rec. Doc. 49).[1]  Plaintiffs, Pamela A. Flotte and David M. Flotte ("the Flottes"), oppose the motion.  The motion is before the Court on the briefs, without oral argument.  Having consider the memoranda of counsel, the record and the applicable law, the Court find that the motion is **DENIED**.

---

[1] As pointed it pointed out in its motion, the NFIP is not the proper defendant.  Instead, the Director of the Federal Emergency Management Agency ("FEMA") would be the proper defendant.  The Court will use NFIP and FEMA interchangeably for convenience.

**I. BACKGROUND**

The Flottes owned the residence at 6309 Bertha Drive in New Orleans, Louisiana. They had both homeowners' and flood insurance on this property provided by State Farm Fire & Casualty Company ("State Farm"), which were purchased through insurance agent Marie Clesi Insurance Agency ("Clesi").[2] According to the Flottes, they relied on Clesi for many years for all of their insurance needs. They claim that Clesi was responsible for advising them of any gaps in their insurance and procuring all requested coverage.

Hurricane Katrina allegedly caused significant damage to the Flottes' property. After the storm, when the Flottes tried to make claims on their flood insurance policy, they discovered deficiencies in their flood insurance coverage. As a result, they filed these consolidated actions. The Flottes filed Civil Action No. 06-5011 in this Court alleging that State Farm owed them $85,000 for additional losses under their flood insurance policy. They also filed Civil Action No. 06-7497 in the Civil District Court for the Parish of Orleans, State of Louisiana against State Farm and Clesi, asserting negligence for failure to properly adjust their insurance claims and properly secure the

---

[2] State Farm acted as the Write-Your-Own ("WYO") insurance provider for the Flottes' Standard Flood Insurance Policy ("SFIP").

allegedly requested insurance coverage.  State Farm removed the action to this Court.[3]  The Court denied the Flottes' motion to remand Civil Action No. 06-7497. Rec. Doc. 14.

Then the Flottes amended their consolidated actions, adding the NFIP as a defendant.  They allege that they are entitled to retroactive reformation of the contents coverage limits on their SFIP.  The Flottes seek a declaratory judgment against the NFIP ordering it to recognize that their contents coverage should be $100,000.  The NFIP filed this motion to dismiss, claiming that neither it, nor any other Federal Defendant, is a proper party to this litigation.  It asserts that this the claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).  This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim

---

[3] When this case was removed, it was assigned to Judge Fallon with civil action number 06-7479.  It was later transferred to Judge Berrigan and consolidated with civil action number 06-5011 pursuant to Local Rule 3.1.1E. Rec. Doc. 12.

which would entitled him to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

**III. ANALYSIS**

The NFIP argues that the Flottes' claims against it should be dismissed.  It claims that the WYO company, State Farm, is the proper defendant and that the NFIP has sovereign immunity from this type of suit.  The Flottes, on the other hand, argue that the NFIP must remain in the suit, because State Farm has denied that it has the ability to reform the SFIP.  The Flottes cite the signature block of the SFIP, which is signed by the Director of the NFIP on behalf of FEMA, as evidence that the SFIP suggests that the NFIP is the proper party to this action.  Finally, the Flottes argue that the SFIP provides for a waiver of sovereign immunity with respect to reformation.

Congress established the NFIP by enacting the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et. seq*. Under the NFIP, the director of FEMA, can use private insurance companies, i.e. WYO companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from a WYO company. 42 U.S.C. § 4071-72 (2006). An SFIP issued by a WYO company can be executed by the issuing WYO company as the insurer in place of the Federal Insurance Administrator ("FIA"). 44 C.F.R § 61.13(f). Also, it can bear the WYO company's name and the WYO company can substitute its own name wherever FEMA and FIA appear. *Id.*

A WYO company is responsible for the "adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the [SFIP]." 44 C.F.R. § 62.23(d). Furthermore, a WYO company acts as a fiscal agent of the Federal Government, but not as its general agent and the WYO company is solely responsible for its obligations to its insured under any flood insurance policies issued under agreements entered into with the FIA. 44 C.F.R. § 62.23(g). As such, the Federal Government is not the proper party defendant in any lawsuit arising out of such WYO issued SFIPs. *Id*. Also, Congress provided for a limited waiver of sovereign immunity under the NFIP, which only

applies when FEMA denies claims submitted to it pursuant to a federally-issued SFIP. 42 U.S.C. § 4001; 42 U.S.C. § 4072 (2006); *Gumpert*, 1997 WL 538003, at * 3 (E.D.La. 8/25/1997).

However, the terms and conditions of all federal flood policies have been fixed by FEMA's regulations and are codified as the SFIP at 44 C.F.R. Pt. 61, App. A(1, which is incorporated by reference into the Code of Federal Regulations at 44 C.F.R. § 61.13(a). The SFIP specifically provides that no provision of the policy may be altered, varied, or waived other than through the express written consent of the Federal Insurance Administrator ("FIA"), who administers the NFIP.  44 C.F.R. §§ 61.4(b); 61.13 (d), (e).

The Flottes brought FEMA into this litigation because they seek a reformation of the limits on their SFIP.  In its Sixteenth Defense, State Farm appears to have denied that it has the ability to reform the coverage limits on the Flottes' SFIP by stating that it, "does not have the authority to change, alter, or interpret the **underwriting** or claims guidelines of the flood program." Rec. Doc. 7 (emphasis added). Therefore, at this point it appears that FEMA may be a necessary party in this litigation and cannot be dismissed at this time.[4]

---

[4] The Court recognizes that if State Farm does have the ability to reform the coverage limits of the policy, that FEMA should be dismissed from the litigation.

**IV. C**ONCLUSION

For the reasons set forth above,

IT IS ORDERED that Federal Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 20th day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE